1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOHN PATTY and SHEILA RENEE KIRCHNER, <br><br> Plaintiffs, <br><br> v. <br><br> FCA US, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive, <br><br> Defendant. | No. 2:16-cv-01332-MCE-CKD <br><br><br> **MEMORANDUM AND ORDER** |

On May 20, 2016, Plaintiffs David John Patty and Sheila Renee Kirchner ("Plaintiffs") filed a Complaint in the Superior Court of California, County of Sacramento, alleging Defendant FCA US ("Defendant") breached certain express and implied warranties arising from the sale of a vehicle to Plaintiffs, in violation of the Song-Berly Act, California Civil Code § 1790 et seq. ("the Act"). Defendant subsequently removed the case to this Court pursuant to 28 U.S.C. § 1332. Presently before the Court is Plaintiffs' July 15, 2016, Motion for Remand to state court ("Pls.' Motion" or "Motion to Remand"). ECF No. 4. For the reasons set forth below, Plaintiffs' Motion is DENIED.[1]

---

[1] Because oral argument would not be of material assistance, the Court ordered these matters submitted on the briefs pursuant to E.D. Cal. Local Rule 230(g).

1

**BACKGROUND**[2]

2

3        Plaintiffs allege that they purchased a new 2013 Dodge Journey from Defendant,

4    a "manufacturer" or "distributor" under the Act, that certain express and implied

5    warranties accompanied that sale, and that the vehicle was delivered to Plaintiffs with

6    serious defects and nonconformities which impair the use, value, and/or safety of the

7    vehicle.  According to Plaintiffs, those defects manifested themselves within the express

8    warranty period and they took the Journey to an authorized repair facility but it could not

9    be adequately repaired.  Since then, Plaintiffs claim, Defendant has continued to decline

10   to issue a refund or replacement to Plaintiffs.

11       As is relevant to the present Motion, Plaintiffs allege that, under the Act, they are

12   entitled to reimbursement of the price paid for the vehicle, less the amount directly

13   attributable to Plaintiffs' use of the vehicle before discovery of the nonconformities.  They

14   further plead that they are entitled to all incidental, consequential, and general damages

15   resulting from Defendant's failure to comply with its obligations under the Song-Berverly

16   Act.  In addition, Plaintiffs are entitled to recover as part of any judgment under the Act a

17   sum equal to the aggregate amount of their costs and expenses, including attorney's

18   fees, reasonably incurred in connection with the commencement and prosecution of this

19   action.  Finally, Plaintiffs allege that beyond the amounts recovered, they are also

20   entitled to a civil penalty of up to two times the amount of actual damages because

21   Defendant FCA has willfully failed to comply with its responsibilities under the Act.

22       Defendant timely removed the case to this Court pursuant to its diversity

23   jurisdiction, providing in its Notice of Removal that the purchase price of the vehicle was

24   $33,110.62, so "Plaintiffs therefore seek damages at least in the amount of three times

25   the vehicle's purchase price, or approximately $99,331.86 plus attorney's fees."  ECF

26   No. 1, ¶ 9.  Defendant thus concludes that the amount in controversy exceeds the

27

28   _____
     [2] Unless otherwise noted, the following recitation of facts is taken, sometimes verbatim, from Plaintiffs' Complaint.

1 statutory minimum of $75,000 required under 28 U.S.C. §§ 1332(a) and 1446(c)(2).

2 Plaintiffs filed the present Motion to Remand arguing that Defendant failed to properly

3 establish the amount in controversy on the face of the Notice of Removal and that

4 removal was therefore improper.  Pls' Mot. at 1.  Plaintiffs further argue that remand is

5 necessary because Defendant has failed to establish that it is a citizen of a foreign

6 country.  Finally, they contend that the case should be remanded pursuant to "principles

7 of comity" because it deals with issues of public policy, statutory interpretation, and

8 California law that would best be left to California courts.  Id.

9

10                                            **STANDARD**

11

12        When a case "of which the district courts of the United States have original

13 jurisdiction" is initially brought in state court, the defendant may remove it to federal court

14 "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  There are

15 two bases for federal subject matter jurisdiction:  (1) federal question jurisdiction under

16 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court

17 has federal question jurisdiction in "all civil actions arising under the Constitution, laws,

18 or treaties of the United States."  Id. § 1331.  A district court has diversity jurisdiction

19 "where the matter in controversy exceeds the sum or value of $75,000, exclusive of

20 interest and costs, and is between citizens of different states, or citizens of a State and

21 citizens or subjects of a foreign state . . . ."  Id. § 1332(a)(1)-(2).

22        A defendant may remove any civil action from state court to federal district court if

23 the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  "The

24 party invoking the removal statute bears the burden of establishing federal jurisdiction."

25 Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v.

26 Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)).  Courts "strictly construe the

27 removal statute against removal jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566

28 (9th Cir. 1992) (internal citations omitted).  "[I]f there is any doubt as to the right of

1    removal in the first instance," the motion for remand must be granted. <u>Id.</u>  Therefore, "[i]f

2    at any time before final judgment it appears that the district court lacks subject matter

3    jurisdiction, the case shall be remanded" to state court.  28 U.S.C. § 1447(c).

4         If the district court determines that removal was improper, then the court may also

5    award the plaintiff costs and attorney fees accrued in response to the defendant's

6    removal.  28 U.S.C. § 1447(c).  The court has broad discretion to award costs and fees

7    whenever it finds that removal was wrong as a matter of law.  <u>Balcorta v. Twentieth-</u>

8    <u>Century Fox Film Corp.</u>, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

9

10                              **ANALYSIS**

11

12         Plaintiffs' claims all arise under state law, and removal was based solely on

13    28 U.S.C. § 1332.  The pertinent inquiries for the Court therefore go to the amount in

14    controversy and the diversity of the parties.[3]

15       **A.**      **Amount In Controversy**

16         As the removing party, Defendant bears the burden of establishing federal

17    jurisdiction.  <u>Ethridge</u>, 861 F.2d at 1393.  It must do so by a preponderance of the

18    evidence.  <u>Gaus</u>, 980 F.2d at 567.  In their Motion, Plaintiffs rely heavily on this standard

19    and argue that Defendant's use of the purchase price of the vehicle as a basis for

20    calculating the amount in controversy is improper because Defendant fails to explain

21    how that figure accurately reflects Plaintiffs' actual damages.  Under the Act, restitution

22    is equal to the amount paid or payable by the buyer, including collateral charges and

23    incidental damages, less the amount directly attributable to the buyer before discovering

24    the defect.  Cal. Civ. Code § 1793.2(d)(2)(B)–(C).  Plaintiffs thus claim that using the

25

26
27
28       [3] The Court is cognizant of Plaintiffs' additional argument that principles of comity warrant remand. More specifically, Plaintiffs contend that this Court should defer to the state in this instance because this case involves issues of California law and consumer protection and because maintaining jurisdiction over the case here could interfere with California's authority over its own laws, regulations, and public policy. This Court is tasked with interpreting questions of state law on a regular basis and is not persuaded that any comity concerns are so unique in this case as to require remand.

1   purchase price is overly simplistic and that "[a] proper analysis would reveal that the

2   actual amount-in-controversy <u>could be</u>, <u>potentially</u>, quite different from the total purchase

3   price." Pls.' Mot. at 7 (emphases added).  Plaintiffs then demonstrate how applying the

4   proper calculation under the Act could result in a significantly lower car value than the

5   actual purchase price, depending on the miles Plaintiffs drove before discovering the

6   defect or nonconformity.  Tellingly, Plaintiffs use hypothetical mileage instead of the

7   actual car mileage, highlighting the fact that while the amount in controversy <u>could be</u>

8   significantly different from the purchase price, it also need not be.[4]

9        Plaintiffs' Motion thus turns on their argument that Defendant did not sufficiently

10  prove its math on the face of the notice of removal.  But "[w]hen a defendant's

11  calculations are relatively conservative, made in good faith, and based on evidence

12  wherever possible, the court may find that the defendant has established by a

13  preponderance of the evidence that the amount in controversy is met." <u>Geerlof v. C&S</u>

14  <u>Wholesale Grocers, Inc.</u>, No. 2:13-cv-02175-MCE-KJN, 2014 WL 1415974, at *7 (E.D.

15  Cal. Apr. 14, 2014).  Here, it appears from the Complaint that Defendant had little

16  evidence available from which to derive a more specific approximation of damages, and

17  nothing—including Plaintiffs' moving papers—indicates that Defendant's estimate is far-

18  fetched or made in bad faith.  Indeed, the amount paid or payable on the vehicle is

19  $33,110.62.  Plaintiffs therefore seek $33,110.62, plus consequential and incidental

20  damages, less the unknown amount attributable to their use of the car, plus a civil

21  penalty of two times that total.  While Defendant's estimate of $99,331 may be high as it

22  fails to take into account any mileage-based reduction (though it also does not account

23  for any consequential or incidental costs, and therefore may also be low), it is not

24  unreasonable.

25  ///

26

27        [4] The Court notes that while Plaintiffs are free to affirmatively allege or stipulate to damages less
     than $75,000 and/or to argue in their Motion that their damages are actually less than $75,000, they have
28  declined to do so.

1        Moreover, while it is the Defendant's burden to show that the amount in

2  controversy exceeds the statutory amount, the defendant "may rely upon affidavits and

3  declarations to make that showing; the law in the Ninth Circuit expressly contemplates

4  the district court's consideration of some evidentiary record." <u>Lewis v. Verizon</u>

5  <u>Commc'ns, Inc.</u>, 627 F.3d 395, 400 (9th Cir. 2010); <u>see also</u> <u>Valdez v. Allstate Ins. Co.</u>,

6  372 F.3d 1115, 1117 (9th Cir. 2004) (court may consider "summary-judgment-type

7  evidence relevant to the amount in controversy at the time of removal").  Although "[i]t is

8  best to make this showing in the notice of removal itself, . . . a party can supplement its

9  showing in an opposition to a motion to remand." <u>Waller v. Hewlett-Packard Co.</u>,

10  11CV0454-LAB RBB, 2011 WL 8601207, at *2 (S.D. Cal. May 10, 2011) (citing <u>Cohn v.</u>

11  <u>Petsmart, Inc.</u>, 281 F.3d 837, 840 n.1 (9th Cir. 2002) ("the district court did not err in

12  construing Petsmart's opposition as an amendment to its notice of removal").  While

13  Plaintiffs have provided no evidence helpful to determining the actual mileage offset in

14  this case, the Court is persuaded by Defendant's evidence and logic—based on the

15  mileage identified in Defendant's Warranty Claim Summary Report—that the offset

16  would likely be approximately $3,950.10, reducing Plaintiffs' damages to $29,160.52.[5]

17  With the resulting maximum of $58,321.04 in possible civil penalties added in,[6] an

18  estimated amount in controversy of $87,481.56 is reasonable.  Plaintiffs' arguments to

19  the contrary are not well taken and the Court thus finds that Defendant has established

20  by a preponderance of the evidence that the amount in controversy is met.[7]

21  ///

22  ///

23

24      [5] Plaintiffs' Objections to the Declaration of Jessica N. Walker, Objection Nos. 9 and 10 (erroneously labeled Nos. 8 and 9) are overruled.

25

26      [6] The Court finds that the civil penalty amount is properly included in the calculation of the amount in controversy.  <u>Brady v. Mercedes-Benz USA, Inc.</u>, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) ("there is good reason to include the Song-Beverly Act's civil penalty of up to two times the amount of actual damages in the amount in controversy").

27

28      [7] Given the Court's conclusion, it need not, and does not, address the extent to which attorney's fees may further increase the amount in controversy in this case.

1                    **B.    Complete Diversity**

2              There is no dispute that Plaintiffs are citizens of the State of California.  Plaintiffs

3    claim, however, that Defendant has failed to establish the citizenship of its foreign

4    members, and therefore failed to establish diversity of citizenship as required under

5    28 U.S.C. § 1332.  For purposes of diversity jurisdiction, "an LLC is a citizen of every

6    state of which its owners/members are citizens."  Johnson v. Columbia Properties

7    Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  Defendant's Notice of Removal

8    provides that FCA US LLC is a Delaware limited liability company with its sole member,

9    FCA North America Holding, LLC, another Delaware limited liability company, which, in

10   turn has a sole member, Fiat Chrysler Automobiles, N.V., a publicly traded company

11   incorporated under the laws of the Netherlands, with its principal place of business in

12   London, England.  Plaintiffs claim this is not sufficient to establish Defendant's

13   citizenship, because (1) it is only the citizenship of the ultimate member that matters for

14   § 1332 purposes, and (2) § 1332(a)(2) "applies to foreign legal entities of all kinds, so

15   long as the entity is considered a **juridical person** under the law that created it."  Pls.'

16   Mot. at 9, quoting Cohn v. Rosenfeld, 733 F.2d 625 (9th Cir. 1984) (emphasis added by

17   Plaintiffs).  Nowhere do Plaintiffs claim that Defendant is a citizen of California, thereby

18   destroying diversity.  Rather, they claim that because Defendant has not established that

19   its sole member is a juridical person under the laws of either the Netherlands or England,

20   it has failed to establish the member's citizenship for diversity purposes.  Pls.' Mot. at 10.

21             In its Notice of Removal, however, Defendant alleges by way of a declaration from

22   Kris Krueger, Senior Staff Counsel for Defendant, that its ultimate member, Fiat Chrysler

23   Automobiles, N.V. is "a publically traded company incorporated under the laws of the

24   Netherlands and whose principal place of business is London, England."  Decl. of Kris

25   Krueger ISO Removal, ECF No. 1-2.  Defendant further argues in its Opposition that Fiat

26   Chrysler Automobiles is a naamloze vennootschap (an "Open Corporation"), which is a

27   ///

28   ///

1  legal person under the laws of the Netherlands.[8]  In addition to the translated definition

2  of a naamloze vennootschap provided online, Defendant argues that following the

3  reasoning in Cohn, 733 F.2d at 629, Fiat Chrysler Automobiles is a juridical person

4  because it is an independent legal entity, may sue in its own name in the courts of the

5  Netherlands, and any recovery obtained in a lawsuit by Fiat Chrysler Automobiles, N.V.

6  belongs to the business entity, not to its investors, under Netherlands' laws.  Def.'s Opp.

7  at 6.  Plaintiff has provided no evidence to the contrary.

8         The Court is therefore persuaded that Defendant has successfully established

9  that the parties are diverse.  Defendant's Notice of Removal adequately alleged diversity

10  between the parties, and its Opposition to Plaintiffs' Motion to Remand has further

11  established that diversity by a preponderance of the evidence.  The Court therefore

12  rejects Plaintiffs' argument that Defendant has failed to show the parties are diverse.

13         **C.    Attorney's Fees And Costs**

14         Plaintiffs also move for an award of attorney's fees and costs associated with its

15  Motion to Remand.  Pls.' Mot. at 12.  Because removal was appropriate under the

16  circumstances (and because the Court hereby denies Plaintiffs' Motion to Remand), the

17  Court denies Plaintiffs' request for fees and costs.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25

26         [8] Pursuant to Fed. R. Civ. Proc. Rule 44-1, the Court has considered Defendant's Exhibit 1 (portions of a translation of Book 2 of the Dutch Civil Code, downloaded from www.dutchlaw.com) and overrules Plaintiffs' Objections to the Declaration of Jessica N. Walker Objection Nos. 1 and 2.  Plaintiffs

27  were provided adequate notice by way of Defendant's Opposition, and were given the opportunity to respond.

28

1

**CONCLUSION**[9]

2

3        For all of the reasons above, Plaintiffs' Motion for Remand to the Superior Court

4    of California, ECF No. 4, is DENIED in its entirety.

5        IT IS SO ORDERED.

6    Dated:  March 10, 2017

7

8                                                                    _____
                                                                     MORRISON C. ENGLAND, JR.
9                                                                    UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27        _____
                 [9] As provided above, Plaintiffs' Objections to the Declaration of Jessica N. Walker Objection
28    Nos. 1, 2, 9, and 10 are overruled.  Because the Court did not rely on the evidence corresponding to
      Objection Nos. 3 through 8, the Court need not and does not rule on those objections.

9