UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOHN PATTY, et al., | No. 2:16-cv-01332-MCE-CKD |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| FCA US LLC, | |
| Defendant. | |

Through this "lemon-law" action, Plaintiffs David John Patty and Sheila Renee Kirchner ("Plaintiffs") sought redress from FCA US LLC ("Defendant") for breach of warranty as to Plaintiffs' $36,360.04 purchase of a 2013 Dodge Journey. The matter originated in the Sacramento County Superior Court and was removed here on June 16, 2016.[1] In October 2016, prior to commencing discovery, Defendant served Plaintiffs with an Offer of Judgment under Federal Rule of Civil Procedure 68 ("Rule 68 Offer") for $90,000. Plaintiffs rejected that offer, but eventually accepted an amended Rule 68 offer ("Amended Rule 68 Offer") extended in May 2018 for $99,000. Plaintiffs have now filed
///

---

[1] Prior to removal, Defendant extended a $40,000 settlement offer to Plaintiffs under California Code of Civil Procedure section 998.

1

a Bill of Costs (ECF No. 33) and moved to recover attorneys' fees (ECF No. 34). For the following reasons, both requests are GRANTED in part and DENIED in part.[2]

## ANALYSIS[3]

### A. Attorneys' Fees

Plaintiff seeks to recover $37,872.50 in fees, subject to a multiplier of 1.5,[4] for a total of $56,808.75. See Cal. Civ. Code § 1794(d) ("If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action."). After carefully reviewing the nature of the litigation, the results obtained, the record in its entirety, and the relevant authorities set forth below, the Court finds Plaintiffs' requested fees and costs to be unreasonable and adjusts them accordingly.

This Court is required "to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." Nightingale v. Hyundai Motor America, 31 Cal. App. 4th 99, 104 (1994). "A prevailing buyer has the burden of showing that the fees incurred were

---

[2] Because oral argument would not have been of material assistance, this matter has been submitted on the briefs. E.D. Cal. L.R. 230(g).

[3] Given this Court's disproportionately high case load and decreasing number of judges, and in the interest of conserving judicial resources and expediting a decision in this case, the Court will not recount details with which the parties are intimately familiar, nor will it recite the background facts. To be clear, the Court has considered all evidence and arguments in the record, but it limits its written decision to only that which is necessary to resolve the parties' instant arguments.

[4] The Court is aware that Plaintiffs refer to the multiplier they seek as a ".5" multiplier. That would result in a reduction in fees, however, and the Court will interpret their papers to request a 1.5 multiplier instead.

2

'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.'" Id. (quoting Levy v. Toyota Motor Sales, U.S.A., Inc., 4 Cal. App. 4th 807, 816 (1992) ); see also Goglin v. BMW of North America, LLC, 4 Cal. App. 5th 462, 470 (2016) (same).

Fee awards may "be enhanced under some circumstances." Graham v. DaimlerChrysler Corp., 34 Cal. 4th 553, 579 (2004). More specifically, adjustments may be allowed "to fix a fee at the fair market" reflecting "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." Ketchum v. Moses, 24 Cal. 4th 1122, 1132 (2001). "One of the most common fee enhancers [ ] is for contingency risk", which may cause "competent counsel [to] be reluctant to accept fee award cases." Graham, 34 Cal. 4th at 579-80. Additionally, a fee multiplier may be appropriate when "an exceptional effort" by the plaintiff's lawyers "produced an exceptional benefit" for the client or the community. Thayer v. Wells Fargo Bank, 92 Cal. App. 4th 819, 838 (2001).

In this case, very few expenses were incurred before Defendant presented Plaintiffs with the Rule 68 Offer. According to the Court's review of Plaintiffs' counsels' billing records, the only hours billed before Defendant offered to settle this matter for $90,000 were 4.9 hours by Steve Mikhov, 2.7 hours by Amy Morse, and 13.1 hours by Alastair Hamblin. The Court concludes those billings are reasonable as counsel was undertook to, among other things, evaluate the merits of the case, initiate the action, file a motion to remand and evaluate settlement offers.

Over the course of the following year and a half, however, Plaintiffs' counsel proceeded to bring in five additional attorneys and expend an additional 83 hours litigating this case, before finally accepting the Amended Rule 68 Offer that was only $9,000 higher than the original offer. Especially given the experience Plaintiffs' counsel has in this area of the law, from which the Court infers counsel would be savvy enough to evaluate settlement offers and prepare reasonable counter-offers, it concludes that

3

1 | the bulk of the litigation in this case produced minimal returns.  Accordingly, given the
2 | relative lack of value added after the Rule 68 Offer was extended, but considering the
3 | possibility that Plaintiffs still possessed a chance to enhance their recovery during that
4 | time, the Court exercises its discretion to award 30% of the fees incurred from
5 | January 1, 2017, to the present.  See Self v. FCA USA LLC, Case No. 1:17-cv-01107-
6 | SKO, 2019 WL 1994459, *10 (E.D. Cal.).

The Court also finds the billing rates requested to be unreasonably high for this jurisdiction.  The Court finds that the rates awarded in similar cases in the Fresno division are consistent with the rates that would be awarded in the Sacramento division of this Court for these types of cases and thus determines the following rates are appropriate: $300 for Mr. Mikhov; $250 for Mr. Hamblin, Ms. Stephenson-Cheang, and Ms. Hernandez; $225 for Ms. Morse and $175 for the remaining attorneys.  See id. at *8-19.  The Court reiterates that these rates are consistent with other Sacramento cases of the same general complexity.  See, e.g., Johnson v. Shiva Rental, LLC, Case No. 2:16-cv-02239-MCE-AC, 2019 WL 3767563, *2 (E.D. Cal.).

Finally, as to fees, the Court finds no multiplier is appropriate.  Nothing here was particularly novel or difficult.  This was a garden variety lemon law case prosecuted by a firm that specializes in these types of cases.  Given the lack of unusual circumstances, there is no reason to depart from the presumptively reasonable lodestar fee; this is simply not a rare or exceptional case for fees purposes justifying resort to a multiplier.  Plaintiffs' request for a multiplier is thus denied, and fees are awarded as follow:

///
///
///
///
///
///
///

| Name | Hours | Rate | Total |
|---|---|---|---|
| Steve Mikhov | 5.6 | $300 | $1,680 |
| Alastair Hamblin | 15.9 | $250 | $3,975 |
| Kristina Stephenson-Cheang | 3.3 | $250 | $825 |
| Diane Hernandez | 11.2 | $250 | $2,800 |
| Amy Morse | 3.1 | $225 | $697.50 |
| Christopher Thoms | 5.1 | $175 | $892.50 |
| Daniel Kalinowski | .5 | $175 | $87.50 |
| Michael Ouziel | 1.1 | $175 | $192.50 |
| **Total** | | | **$11,050.00** |

B.   **Bill of Costs**

Plaintiffs also seek to recover $13,067.50 in costs. Defendant's only objection to Plaintiffs' request is that the $10,242.09 Plaintiffs claim to have incurred to compensate their automotive expert, Anthony Micale, is excessive and unreasonable. The Court need not address this argument, however, because Plaintiffs are entitled to recover in federal court only those costs incurred for "court appointed experts." See Self, 2019 WL 1994459, *15. Since Mr. Micale was not appointed by the Court, Plaintiffs cannot recover for costs related to his work. Accordingly, those fees requested are stricken, and costs of $2,824.41 will be taxed.

///
///
///
///
///
///
///
///

**CONCLUSION**

Plaintiffs' Motion for Attorney's Fees (ECF No. 34) is GRANTED in part and DENIED in part, with the Court finding that Plaintiff is entitled to $11,050.00 in attorneys' fees as set forth above. In addition, the Clerk of the Court is directed to tax costs in the amount of $2,825.41 as set forth above as well.

IT IS SO ORDERED.

Dated: March 5, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE