UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOHN PATTY, et al., | No. 2:16-cv-01332-MCE-CKD |
| Plaintiffs, | |
| v. | **ORDER** |
| FCA US LLC, | |
| Defendant. | |

Through this "lemon-law" action, Plaintiffs David John Patty and Sheila Renee Kirchner ("Plaintiffs") sought redress from FCA US LLC ("Defendant") for breach of warranty as to Plaintiffs' $36,360.04 purchase of a 2013 Dodge Journey. The matter originated in the Sacramento County Superior Court and was removed here on June 16, 2016.[1] In October 2016, prior to commencing discovery, Defendant served Plaintiffs with an Offer of Judgment under Federal Rule of Civil Procedure 68 ("Rule 68 Offer") for $90,000. Plaintiffs rejected that offer, but eventually accepted an amended Rule 68 offer ("Amended Rule 68 Offer") extended in May 2018 for $99,000. Plaintiffs filed a Bill of Costs (ECF No. 33) and moved to recover attorneys' fees (ECF No. 34), which requests

---

[1] Prior to removal, Defendant extended a $40,000 settlement offer to Plaintiffs under California Code of Civil Procedure section 998.

1

1  were GRANTED in part and DENIED in part.  Presently before the Court is Plaintiffs'
2  Motion to Re-Tax Costs, which the Court construes as a Motion for Reconsideration.
3  ECF No. 41.  That Motion is DENIED.[2]

4      A court should not revisit its own decisions unless extraordinary circumstances
5  show that its prior decision was wrong.  Christianson v. Colt Indus. Operating Corp.,
6  486 U.S. 800, 817 (1988).  This principle is generally embodied in the law of the case
7  doctrine.  That doctrine counsels against reopening questions once resolved in ongoing
8  litigation.  Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir.
9  1989) (citing 18 Charles Aland Wright & Arthur R. Miller, Federal Practice and Procedure
10 § 4478).  Nonetheless, a court order resolving fewer than all of the claims among all of
11 the parties "may be revised at any time before the entry of judgment adjudicating all the
12 claims and the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  Where
13 reconsideration of a non-final order is sought, the court has "inherent jurisdiction to
14 modify, alter or revoke it."  United States v. Martin, 226 F.3d 1042, 1048-49 (9th Cir.
15 2000), cert. denied, 532 U.S. 1002 (2001).  "The major grounds that justify
16 reconsideration involve an intervening change of controlling law, the availability of new
17 evidence, or the need to correct a clear error or prevent manifest injustice."  Pyramid,
18 882 F.2d at 369 n.5 (internal quotations and citations omitted).

19     Local Rule 230(j) requires a party filing a motion for reconsideration to show the
20 "new or different facts or circumstances are claimed to exist which did not exist or were
21 not shown upon such prior motion, or what other grounds exist for the motion."  E.D. Cal.
22 Local Rule 230(j).  A district court may properly deny a motion for reconsideration that
23 simply reiterates an argument already presented by the petitioner.  Maraziti v. Thorpe,
24 52 F.3d 252, 255 (9th Cir. 1995).  Finally, reconsideration requests are addressed to the
25 sound discretion of the district court.  Turner v. Burlington N. Santa Fe R.R., 338 F.3d
26 1058, 1063 (9th Cir. 2003).

27
28     [2] Because oral argument would not have been of material assistance, this matter has been submitted on the briefs.  E.D. Cal. L.R. 230(g).

2

Plaintiffs do not point the Court to any basis for revisiting its prior decision. Although they clearly disagree with the Court's Order, that disagreement is not based on an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Pyramid</u>, 882 F.2d at 369 n.5. Plaintiffs' Motion for Reconsideration (ECF No. 41) is thus DENIED.

IT IS SO ORDERED.

Dated: May 29, 2020

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE